[Cite as *State v. Baker*, 2015-Ohio-4478.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                      |   | JUDGES:                     |
|----------------------|---|-----------------------------|
| STATE OF OHIO        | : | Hon. W. Scott Gwin, P.J.    |
|                      | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee   | : | Hon. Sheila G. Farmer, J.   |
|                      | : |                             |
| -vs-                 | : |                             |
|                      | : | Case No. 15-CA-20           |
| BRANDY L. BAKER      | : |                             |
|                      | : |                             |
| Defendant-Appellant  | : | O P I N I O N               |

CHARACTER OF PROCEEDING:    Criminal appeal from the Licking County Court of Common Pleas, Case No. 14CR00851

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    October 27, 2015

APPEARANCES:

For Plaintiff-Appellee
KENNETH OSWALT
20 South Second Street
Newark, OH 43055

For Defendant-Appellant
TODD W. BARSTOW
538 South Yearling Road, Ste. 202
Columbus, OH 43213

*Gwin, P.J.*

{¶1}   Appellant, Brandy L. Baker ["Baker"] appeals from the February 6, 2015 Judgment Entry of the Licking County Court of Common Pleas overruling her motion to suppress.

*Facts and Procedural History*

{¶2}   The Licking County Grand Jury indicted Baker on December 18, 2014 for one count of Trafficking in Drugs (Cocaine); one count of Possession of Drugs (Cocaine), both felonies of the fourth degree; and one count of Possession of Drugs (Marijuana), a minor misdemeanor. On January 23, 2015 Baker file a Motion to Suppress Evidence. The state filed a Memorandum Contra on February 4, 2015. The trial court conducted a hearing on Baker's Motion on February 6, 2015.

{¶3}   The following facts were presented during the hearing on Baker's motion to suppress.

{¶4}   On October 17, 2014, Officer Adam Hoskinson of the Central Ohio Drug Enforcement Task Force. (CODE/TF) was in a marked Newark Police Department vehicle and was wearing a uniform when he observed Baker driving in Newark, Ohio.

{¶5}   Believing that Baker's operator's license was suspended, Hoskinson began following her vehicle. Officer Hoskinson testified that Baker failed to properly signal a right turn at an intersection. He continued to follow her, and she pulled into a private parking space adjacent to a residential street. Officer Hoskinson did not use lights or a siren. He walked up to Baker's car and she rolled down her window. Officer Hoskinson testified that he immediately smelled a strong odor of raw marijuana coming from the vehicle. He then asked Baker if she had a valid license and Baker stated that she did not have a valid

driver's license. Officer Hoskinson asked Baker to step out of her vehicle. Baker complied and Officer Hoskinson conducted a protective pat down search of Baker before asking her to be seated in his cruiser. Officer Hoskinson confirmed Barker had a suspended license. Officer Hoskinson requested permission to search the vehicle. Baker consented to the search of her car. Inside, Officer Hoskinson found what he believed to be marijuana and crack cocaine. After Officer Hoskinson advised Baker of her *Miranda* rights, Baker admitted to possession of the marijuana and cocaine. Subsequent testing of both substances confirmed Hokinson's suspicions.

**{¶6}** At the conclusion of said hearing, the trial court overruled Baker's motion to suppress. On March 6, 2015, the trial court conducted a change of plea and sentencing hearing. The trial court found that counts one and two merged, and imposed an eighteen-month sentence on count one.

*Assignment of Error*

**{¶7}** Baker raises one assignment of error,

**{¶8}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HER MOTION TO SUPPRESS."

*Analysis*

**{¶9}** Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 154-155, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate witness credibility. See *State v. Dunlap*, 73 Ohio St.3d 308,314, 1995-Ohio-243, 652 N.E.2d 988; *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accordingly, a reviewing

court must defer to the trial court's factual findings if competent, credible evidence exists to support those findings. See *Burnside,* supra; *Dunlap,* supra; *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1(4th Dist.1998); *State v. Medcalf*, 111 Ohio App.3d 142, 675 N.E.2d 1268 (4th Dist.1996). However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. See *Burnside,* supra, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539(4th Dist 1997); See, generally, *United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740(2002); *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996). That is, the application of the law to the trial court's findings of fact is subject to a *de novo* standard of review *Ornelas*, supra. Moreover, due weight should be given "to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas*, supra at 698, 116 S.Ct. at 1663.

{¶10} Baker's sole assignment of error relates to the propriety of the trial court's overruling of her motion to suppress. Specifically she argues that her consent giving in response to Officer Hoskinson's request to search her car was not voluntary.

### Consent to search.

{¶11} In the case at bar, Baker concedes that she gave the officer consent to search her car. Thus, we must determine whether all of the surrounding circumstances and procedures used by the police in gaining that consent were consistent with appellant's constitutional rights. *State v. Lattimore*, 10th Dist. Dist. No. 03AP-467, 2003-Ohio-6829 at ¶ 9.

### Voluntariness of the consent to search.

**{¶12}** A request for consent and search which occurs during a lawful stop and does not go beyond the period necessary to effectuate the stop and issue a citation does not violate the individual's constitutional rights. This is so because the detention was not illegally prolonged in order to gain the individual's consent. See, *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204; *State v. Lattimore,* 10th Dist. Franklin No. 03AP-467, 2003-Ohio-6829 ¶12-13.

**{¶13}** In the case at bar, Baker was driving without a valid driver license. Further, Officer Hoskinson detected the order of raw marijuana emanating from the vehicle upon his speaking with Baker. Thus, Officer Hoskinson did have reasonably articulable facts or individualized suspicion to justify Baker's further detention in order to ask to search her car. *State v. Moore,* 90 Ohio St.3d 47, 734 N.E.2d 804, (2000). ("The smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search.") In *Moore* the court further noted, "[o]nce a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement. *Maryland v. Dyson* (1999), 527 U.S. 465, 466, 119 S.Ct. 2013, 2014, 144 L.Ed.2d 442, 445; *United States v. Ross* (1982), 456 U.S. 798, 804, 102 S.Ct. 2157, 2162, 72 L.Ed.2d 572, 580; *State v. Mills* (1992), 62 Ohio St.3d 357, 367, 582 N.E.2d 972, 982." *Moore,* 90 Ohio St.3d at 51, 734 N.E.2d 804.

**{¶14}** Baker's consent to search her vehicle was not necessary in the case at bar.

**{¶15}** Accordingly, Baker's sole assignment of error is overruled.

**{¶16}** The judgment of the Licking County Court of Common Pleas, Licking County, Ohio is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur